# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION,**
**Employer Below, Petitioner**

**FILED**

February 13, 2020

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0182** (BOR Appeal No. 2053481)
(Claim No. 2013002508)

**ALECIA JOHNSON,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Princeton Community Hospital Association, by Counsel Toni J. Williams, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Alecia Johnson, by Counsel Gregory S. Prudich, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 5% permanent partial disability award on November 15, 2016. The Office of Judges reversed the decision in its September 21, 2018, Order and granted an additional 13% permanent partial disability award for a total of 18% impairment. The Order was affirmed by the Board of Review on February 4, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Johnson, a registered nurse, was injured in the course of her employment on July 22, 2012, when a patient fell and grabbed her neck and right shoulder. She treated with Robert Kropac, M.D., on August 29, 2012. He noted that Ms. Johnson's head tilt was not as it would be if she had torticollis. Dr. Kropac diagnosed cervicodorsal musculoligamentous strain superimposed on congenital C4-5 fusion. He noted a significant amount of symptom magnification and recommended a functional capacity evaluation.

1

On March 15, 2013, Elizabeth Killoran, M.D., of the WVU Movement Disorders Clinic, evaluated Ms. Johnson. She noted that Ms. Johnson had a right-sided head tilt and constant severe pain. Dr. Killoran also observed severe abnormal neck positioning, but she could not make a diagnosis due to constant, active muscle contraction. Dr. Killoran found range of motion limitations which appeared to be intentional. She diagnosed post-traumatic cervical dystonia. She opined that the onset and examination indicates a psychological etiology for Ms. Johnson's cervical condition and strongly recommended counseling. Focal torsion dystonia[1] and spasmodic torticollis[2] were added to the claim as compensable conditions on October 29, 2012.

An August 27, 2013, treatment note by Richard Bowman, M.D., indicates Ms. Johnson reported neck pain that radiated into her right arm and shoulder. She also had occasional numbness in the fourth and fifth fingers on her right hand. Dr. Bowman diagnosed right-sided spasmodic torticollis of the right neck and recommended injections. Ms. Johnson underwent injections and followed up on December 19, 2013. At that point, she reported 50% pain relief from the injections. The finger numbness resolved but she still had some pain and a slight head tilt. Dr. Bowman diagnosed cervicalgia, cervical radiculopathy, and cervical dystonia. On September 2, 2014, Ms. Johnson's cervical torticollis had improved. The injections of Myobloc were providing immense symptom relief. She requested physical therapy to improve her range of motion. Dr. Bowman suggested a functional capacity evaluation. On December 30, 2014, Ms. Johnson reported 50-60% pain relief following Myobloc injections. She still had right-sided neck pain radiating into the right shoulder. On May 8, 2015, Ms. Johnson continued to report relief as a result of the injections. Dr. Bowman recommended continuing the injections.

Paul Bachwitt, M.D., performed an independent medical evaluation on January 20, 2015, in which he noted that Ms. Johnson reported pain, constant muscle spasms and contractions, and an inability to be up for more than three and a half hours at a time. Cervical range of motion could not be measured. Her right shoulder was elevated with muscle spasms and her head tilted to the right. Dr. Bachwitt found that Ms. Johnson had not reached maximum medical improvement and recommended additional injections.

On September 3, 2015, Ms. Johnson returned to Dr. Bowman. She reported a 50-60% reduction in pain after Myobloc injections; however, she still had constant neck and right shoulder pain. Dr. Bowman diagnosed spasmodic torticollis, dystonia musculorum deformans, cervical radiculopathy, and complex regional pain syndrome.

Dr. Bachwitt performed an independent medical evaluation on January 26, 2016, in which he found that Ms. Johnson had not reached maximum medical improvement. He recommended an EMG/NCS and continued Myobloc injections. He stated that she would likely need injections for the foreseeable future. He opined that she was not capable of even sedentary work.

---

[1]Focal torsion dystonia is a disease characterized by painful muscle contractions resulting in uncontrollable distortions.

[2]Spasmodic torticollis is a condition that causes the neck to involuntarily turn left, right, up, or down.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 17, 2016, in which he diagnosed cervical sprain and found that Ms. Johnson had reached maximum medical improvement. Dr. Mukkamala assessed 0% range of motion impairment because she failed to meet the validity criteria. He found 4% impairment under Category II-B of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Mukkamala placed Ms. Johnson in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 5%. The claims administrator granted a 5% permanent partial disability award on November 15, 2016, based on Dr. Mukkamala's evaluation.

On April 24, 2017, Stephen Thomas, M.D., performed a record review in which he opined that Dr. Bowman's decision to increase Ms. Johnson's injections to every two months was not medically reasonable, necessary, or appropriate for her care. Ms. Johnson testified in a July 7, 2017, deposition that after she was injured, her right shoulder and neck began spasming and locked up, causing her ear to touch her shoulder. Her neck has been in this position since the injury. Botox injections help her pain and allow her to somewhat function. Ms. Johnson admitted that she had a cervical injury in 2004 that caused her to miss six months of work; however, she asserted that her current injury is much worse.

Bruce Guberman, M.D., performed an independent medical evaluation on July 18, 2017, in which he diagnosed post-traumatic cervical spasmodic torticollis. He determined that Ms. Johnson had reached maximum medical improvement. He assessed 44% whole person impairment using the American Medical Association's *Guides*. Dr. Guberman placed Ms. Johnson in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. He assessed 11% range of motion impairment. His total combined impairment rating was 18%.

In a November 14, 2017, supplemental report, Dr. Mukkamala opined that Ms. Johnson's compensable injury resulted in a cervical sprain. He disagreed with the diagnosis of spasmodic torticollis. Dr. Mukkamala opined that she showed significant symptom magnification and reiterated his finding of 5% whole person impairment. Dr. Mukkamala disagreed with Dr. Guberman's finding of 18% impairment. Dr. Mukkamala stated that Ms. Johnson did not actually injure her right shoulder and that she was controlling the movement of her shoulder as part of her symptom magnification. Dr. Mukkamala further asserted that Dr. Guberman's assessment of 44% impairment for loss of range of motion was absurd.

Dr. Bowman testified in a January 18, 2018, deposition that Ms. Johnson has spasmodic torticollis and focal dystonia as a result of a damaged nerve resulting from her work-related trauma. He stated that Myobloc injections helped her symptoms. These injections had to be performed under sedation and Dr. Bowman stated that it was still quite difficult to move Ms. Johnson's head into position for the injection. He stated that it sometimes took three people. After the injections, she was capable of holding her head in an upright position. Dr. Bowman opined that Ms. Johnson's condition was permanent and incurable. He asserted that he had seen no evidence of malingering.

Dr. Thomas testified in a deposition on March 12, 2018, that torticollis is rarely associated with trauma. He noted that Dr. Killoran's examination of Ms. Johnson showed active contraction of the cervical muscles and voluntary response from her. These findings were not consistent with

cervical torticollis. Dr. Thomas testified that there is no medical condition that causes a person to live with their head continuously in one position. He opined that Ms. Johnson was simply choosing not to move her head. Dr. Thomas noted that she injured her neck in 2004 and claimed an inability to move her head after. Dr. Thomas found no evidence in her medical records to support diagnoses of focal torsion dystonia or spasmodic torticollis. Dr. Thomas stated that the cervical MRI showed that the right shoulder was not elevated and the neck was relatively straight, which was inconsistent with focal dystonia or spasmotic torticollis. He also opined that Myobloc injections were not medically reasonable or necessary. Dr. Thomas concluded that Ms. Johnson sustained a cervical strain as the result of her compensable injury. He stated that the pain she reported was out of proportion to any injury she could have sustained with the mechanism of injury reported.

The Office of Judges reversed the claims administrator's decision and granted an additional 13% permanent partial disability award above and beyond the 5% award already granted. The Office of Judges found that the record contains two independent medical evaluations which assessed impairment. Dr. Mukkamala diagnosed cervical strain and assessed 5% impairment. He did not evaluate the right shoulder and opined that Ms. Johnson did not suffer from spasmodic torticollis. Dr. Guberman diagnosed cervical spasmodic torticollis and assessed 18% impairment. The Office of Judges concluded that Dr. Guberman's assessment was the most reliable and accurate of record. It noted that Dr. Mukkamala refused to accept the diagnosis of spasmodic torticollis as a compensable condition. Therefore, he did not rate the compensable condition in the claim. The Office of Judges further determined that Dr. Mukkamala failed to recommend any impairment for the right shoulder. The Office of Judges found that the weight of the evidence of record indicates that the compensable diagnoses of spasmodic torticollis and focal torsion dystonia directly affect Ms. Johnson's right shoulder range of motion. Dr. Bowman, her treating physician, opined in his testimony that Ms. Johnson's right shoulder is shrugged and she is unable to relax the muscles. Both Drs. Bachwitt and Guberman noted significant right shoulder range of motion limitations. Though Dr. Bachwitt did not specifically rate the right shoulder range of motion impairment, his measurements show 18% impairment, the same as Dr. Guberman's rating. The Office of Judges concluded that Ms. Johnson has a ratable impairment of the right shoulder as a result of the compensable injury. Because he failed to consider the conditions held compensable in this case, Dr. Mukkamala's assessment was deemed to be unreliable.

The Office of Judges noted that the employer's evidence and arguments rested upon the assertion that Ms. Johnson does not have focal dystonia or spasmodic torticollis. These conditions have been held compensable in the claim, and the Office of Judges concluded that the issue of compensability of the diagnoses was settled. As Dr. Guberman was the only evaluator of record to properly evaluate the compensable conditions in the claim, his report was determined to be the most reliable of record. Therefore, the Office of Judges granted an additional 13% impairment above and beyond the 5% already granted in this claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 4, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The issue at bar is the amount of permanent partial disability Ms. Johnson sustained as a result of her compensable injury. The conditions of spasmodic torticollis and focal dystonia have been held compensable in this claim. Therefore, any rating for

4

impairment should include these conditions. There were only two evaluations of record in which a physician assessed an impairment rating. As Dr. Mukkamala refused to consider the conditions already held compensable, Dr. Guberman's report was the only one of record to rate Ms. Johnson's compensable conditions. His finding of 18% impairment is in accord with the evidence of record. Regarding the allegations of symptom magnification, Dr. Bowman testified that Ms. Johnson receives her Myobloc injections while under sedation. While sedated, Dr. Bowman stated that her neck is very difficult to maneuver and it sometimes takes two or three people to position her head. This indicates that her spasmodic torticollis is involuntary.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5